FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ORA FAYE LONG,
}
}
    Plaintiff,
}
}
v.
}   CIVIL ACTION NO.
}
}   00-AR-0006-S
SHONEY'S, INC.,
}
}
    Defendant.
}

## MEMORANDUM OPINION

The order entered by this court on February 5, 2001, purported to establish February 19, 2001, as the deadline for plaintiff, Ora Faye Long, to respond to the motion for summary judgment filed by defendant, Shoney's, Inc. on January 31, 2001. The court failed to recognize that February 19, 2001, was a federal holiday upon which the courthouse would be closed. By virtue of this fact, plaintiff's deadline was automatically extended to February 20, 2001. Plaintiff not having responded by February 20, 2001, defendant's motion is under submission. Upon consideration of defendant's motion and accompanying brief, the court agrees with both arguments put forward by defendant.

Probably because plaintiff never intended to make a claim of racial discrimination, she filed a substituted complaint withdrawing her claim of racial discrimination and introducing for the first time in this court a claim of gender discrimination, but her substituted complaint was filed more than ninety (90) days after she had received her right-to-sue on the only claim she



presented to the EEOC, namely, a claim of sexual harassment. The court can detect no difference between this peculiar procedural situation and a case in which a plaintiff attempts to "relate back" a state law tort claim that would otherwise be barred by the applicable statute of limitations by the device of substituting it for an earlier but erroneously filed claim had no evidentiary basis, even though that earlier made claim would have been timely.

Even if plaintiff is not barred by the ninety (90) day lapse of time before she presented to this court a claim of sexual discrimination, she has not come close to meeting the *Faragher* standard for making a prima facie case of sexual harassment. Not only did she not take advantage of her opportunities to complain internally to her employer, Shoney's Inc., but she offers no proof whatsoever of a *quid pro quo* form of misconduct, and no proof of an environment so pervasively infected with inappropriate sexual remarks as to constitute an actionable hostile environment.

A appropriate separate order granting defendant's motion will be entered.

DONE this 21st day of February, 2001.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE